UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-30-H

PEGGY H. BROWN                                                                                          PLAINTIFF

VS.

A.I.N., Inc. et al.                                                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This case arises from a motor vehicle accident involving Plaintiff Peggy H. Brown ("Brown") and Richard A. Knapp ("Knapp"), a driver for a company insured by Defendant Cherokee Insurance Company[1] ("Cherokee"). AIN, Incorporated is an agent of Cherokee and serves as its claims adjustor. Brown sued Cherokee and AIN in Jefferson Circuit Court for violations of the Kentucky Unfair Claims Settlement Practices Act, Ky. Rev. Stat. Ann. §304.12-230 ("KUCSPA"). Brown and AIN are citizens of Kentucky and Cherokee is a citizen of Michigan. AIN's Kentucky citizenship destroys complete diversity necessary for federal jurisdiction under 28 U.S.C. § 1332(a)(1). Nevertheless, Cherokee and AIN removed the case to this Court on January 10, 2008, alleging that Brown fraudulently joined AIN to defeat diversity jurisdiction. Brown has now moved to remand. Cherokee and AIN have also filed a motion to stay this matter until the resolution of the underlying liability action pending before Judge Russell (*Brown v. Mason & Dixon Lines, Inc.* 07-712). Brown did not respond to or otherwise

---

[1] In her complaint, Plaintiff improperly designated this party as Cherokee National Life Insurance Co. She agreed to voluntarily dismiss Cherokee National Life Insurance Co. as a party and purportedly filed an amended compliant to this effect in state court. Pl.'s Mot. to Remand 5.

oppose the motion to stay.  For the reasons stated below, the Court denies Brown's motion to remand and sustains Cherokee and AIN's motion to stay.

I.

Fraudulent joinder of a non-diverse defendant will not defeat removal on diversity grounds.  *Appel v. PACCAR, Inc.*, 2006 WL 2873434 (W.D. Ky. Oct. 4, 2006)(citing *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994)).  The inquiry under the doctrine of fraudulent joinder is whether Brown would have at least a colorable cause of action against AIN in Kentucky state courts. *See Jerome-Duncan, Inc. v. Auto-By-Tel, Inc.*, 176 F.3d 904, 907 (6th Cir. 1999). A colorable cause of action exists if there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Appel*, 2006 WL 2873434 (quoting *Alexander* 13 F.3d at 949).  "If there is a colorable basis for predicting that a plaintiff could recover against the non-diverse defendant, the Court must remand the action to state court."  *Id.*  The removing defendants bear the burden of establishing federal subject matter jurisdiction by showing that a non-diverse party was fraudulently joined to defeat diversity. *Jerome-Duncan, Inc. v. Auto-By-Tel, Inc.*, 176 F.3d 904, 908 (6th Cir. 1999); *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 697 (W.D. Ky. 2000).  The Court must resolve doubts regarding questions of fact and propriety of removal in favor of the non-removing party. *Id.* (citing *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)).

II.

Brown's claim against AIN, the non-diverse party, presents a purely legal issue – whether a plaintiff may pursue a KUCSPA claim against a claims adjuster who is acting as an agent for an insurance company.  KUCSPA regulates the area of unfair claims settlement

practices. The introductory section to subtitle 12, where KUCSPA is located, provides: "No person shall engage in this state in any practice which is prohibited in this subtitle, or which is defined therein as, or determined pursuant thereto to be, an unfair method of competition or any unfair or deceptive act or practice *in the business of insurance.*" Ky. Rev. Stat. Ann. §304.12-010 (emphasis added).[2]

---

[2]More specifically, KUCSPA states:

> It is an unfair claims settlement practice for any person to commit or perform any of the following acts or omissions:
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
> (2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
> (3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
> (4) Refusing to pay claims without conducting a reasonable investigation based upon all available information;
> (5) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;
> (6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;
> (7) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;
> (8) Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;
> (9) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured;
> (10) Making claims payments to insureds or beneficiaries not accompanied by statement setting forth the coverage under which the payments are being made;
> (11) Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;
> (12) Delaying the investigation or payment of claims by requiring an insured, claimant, or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;
> (13) Failing to promptly settle claims, where liability has become reasonably clear, under one (1) portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;
> (14) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; or
> (15) Failing to comply with the decision of an independent review entity to provide coverage for a covered person as a result of an external review in accordance with KRS 304.17A-621, 304.17A-623, and 304.17A-625.

No Kentucky court has directly addressed the potential for a claim adjuster's liability under KUCSPA and specifically whether a claim adjuster would be considered to be "in the business of insurance" for purposes of Ky. Rev. Stat. Ann. § 304.12-010 and KUCSPA. However, the Kentucky Supreme Court held that the reference in KUCSPA referring to liability for "any person" means any person "engaged in the business of entering contracts of insurance." *Davidson v. Am. Freightways, Inc.*, 25. S.W.3d 94, 98 (Ky. 2000)(rejecting the argument that a self-insured motor carrier was a "person" subject to liability under KUCSPA). The *Davidson* court remarked that:

> The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is *contractually obligated* to pay. Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute.

25 S.W.3d at 100 (emphasis in the original). Thus, Cherokee and AIN argue that because AIN had no contractual obligation to pay any claim, it has not engaged in the business of insurance, and therefore cannot be sued for bad faith under KUCSPA. Although *Davidson* involved an self-insured carrier, another federal court within this district relied on that case in concluding that the lack of a contractual relationship would also defeat a KUCSPA claim against a claims adjuster. *Malone v. Cook*, 2005 WL 2758091 (W.D. Ky. Oct. 25, 2005)(granting claims adjuster's motion to dismiss a KUCSPA claim and holding that "absent a contractual relationship, an insurance adjuster cannot be liable for common-law or statutory bad faith.").

Brown directs the Court's attention to case law that supports the general proposition that

---

Ky. Rev. Stat. Ann. §304.12-230.

a plaintiff may sue an agent and a principal for the agent's negligence. *See, e.g. Conn v. Markwest Hydrocarborn, Inc.,* 2006 WL 782728, *3 (E.D. Ky. Mar. 27 2006); *Cohen v. Alliant Enter., Inc.*, 60 S.W.3d 536, 539 (Ky. 2001). Brown argues that because AIN was acting as Cherokee's agent, Brown should be able to sue both Cherokee and AIN for alleged KUCSPA violations. Brown also cites several provisions of KUCSPA which she argues "are tailored to exactly the type of activities that are part and parcel of the adjusting business." *See, e.g.* Ky. Rev. Stat. Ann. §304.12-230(2)("[f]ailing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;"); *id.* at §304.12-230(4)("refusing to pay claims without conducting a reasonable investigation based upon all available information).

After review of relevant case law, this Court agrees with Judge Coffman's assessment in *Malone*, that under *Davidson* an adjuster cannot be sued in Kentucky for bad faith. While a claims adjuster certainly has close business ties to the insurance industry, and in a general sense could be said to be "in the business of insurance," the Kentucky Supreme Court has narrowly interpreted KUCSPA to include only those "engaged in the business of *entering into contracts of insurance*." 25 S.W.3d. at 98. Here, Brown has not alleged that AIN was contractually obligated to pay her anything and AIN's president stated in his affidavit that, "AIN is not in the business of entering into contracts of insurance and, in fact, has never entered into any contract of insurance." (Def.'s Resp. to Mot. to Remand Exh. A).

The Court is sympathetic to Brown's frustration that such a construction effectively means that claims adjusters may "absolve themselves of liability from the very conduct [K]UCSPA was designed to deter." However, sitting in diversity, this Court's task is merely to

5

predict and interpret the decisions of Kentucky courts.  Under *Davidson*, the Court concludes that there is no "colorable basis" for a claim against AIN and it is therefore not a proper party to this action.

      Being otherwise sufficiently advised,

      IT IS HEREBY ORDERED that Brown's motion to remand is DENIED.

      IT IS FURTHER ORDERED that Cherokee and AIN's unopposed motion to stay this matter is SUSTAINED.

cc:    Counsel of Record